[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM of DECISION Re: APPLICATION to CONFIRM ARBITRATION AWARDand MOTION to DISMISS
This is not your standard application to confirm as the following facts show.
Facts
On September 21, 1993, an arbitration panel selected pursuant to C.G.S. § 7-473c issued an interest arbitration award under that statute. The plaintiff received notice of the award and on October 12, 1993 at a meeting of the Stratford Town Council a resolution was duly adopted, 9 to 2, to reject that award under that statute.
By letter of October 20, 1993, the Defendant requested that the Connecticut Department of Labor, Board of Mediation CT Page 8000 and Arbitration (Board) vacate the award and appoint a second arbitration panel under that same statute. On November 2, 1993, the Board rejected that request "based on [its] determination that the Stratford Board of Education is the proper legislative body to reject the arbitration award" and not the Stratford Town Council. By letter of November 5, 1993, the Defendant requested "that a hearing be held on [the] issue" of which was the proper legislative body. Five months later on April 14, 1994, the Board wrote to the defendant and said that they had decided "to affirm our position". That letter made no mention of the hearing requested or any new decision. The parties received that letter on or about April 18, 1994.
Thereafter a series of lawsuits have been brought. On May 24, the Defendant filed a Complaint in the Fairfield Judicial District, Town of Stratford and Stratford Board ofEducation v. State of Connecticut Board of Mediation andArbitration and United Auto Workers Local 376, Case No. CV-94-0313887 S., entitled "Complaint Appealing Final Decision of State Board of Mediation and Arbitration", under C.G.S. § 4-183. The Board filed a Motion to Dismiss and on October 19, 1994, the court granted the motion. The defendants here filed an appeal from that decision which is pending in the Supreme Court.
On September 27, 1994 the defendant here served a complaint seeking a writ of mandamus against the Board.
Finally, it is hoped, plaintiff here filed the present action on April 13, 1995 to confirm that award.
Ruling
Because of the intricate and inextricably connected nature of all the proceedings in this matter the motion to dismiss is denied without prejudice and the case is transferred to the Judicial District of Fairfield C.G.S. § 51-347b(a).
O'Neill, Judge